UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lincoln Electric Co., | ) | CASE NO. 1:08 CV 2346 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Technitrol, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff Lincoln Electric Company's Motion for Leave to Amend Complaint to Add Fraud Claim as to Pulse and Technitrol (Doc. 62) and upon defendants' Motion of Technitrol, Inc. and Pulse Engineering, Inc. for Leave to File a Sur-Reply Brief in Further Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 65).  This is a breach of warranty dispute.  For the reasons set forth below, plaintiff's motion for leave to amend is DENIED and defendants' motion for leave to file a sur-reply brief is GRANTED.

1

**FACTS**

The following facts are taken from the complaint.  Plaintiff, Lincoln Electric Co., brings this action against defendants, Technitrol, Inc., Pulse Engineering, Inc., Avnet, Inc., and TTI, Inc.  Plaintiff designs and manufactures welding equipment.  Defendant Pulse Engineering, Inc. (hereinafter "Pulse") produces electronic components and is a wholly-owned subsidiary of Technitrol, Inc. (hereinafter "Technitrol").  Avnet, Inc. (hereinafter "Avnet") and TTI, Inc. (hereinafter "TTI") are electrical product distributors.  In 2001, plaintiff submitted a Request for Proposal for the manufacture of transformers to certain suppliers, and Pulse responded.  Plaintiff and Pulse worked together on a transformer design that would meet plaintiff's requirements.  Plaintiff alleges that Pulse created one or more Transformer Information Gathering Sheets to record plaintiff's requirements for the transformer, and that Pulse approved plaintiff's engineering drawings containing specifications, features, and standards that were to be included in the transformer design.  Plaintiff further alleges that it relied on the representations in Pulse's Transformer Information Gathering Sheet and on Pulse's signed acknowledgment of the requirements in plaintiff's engineering drawings when it decided to purchase the transformers from Pulse through distributors Avnet and TTI.

Plaintiff alleges that in 2007 the transformers it purchased from Pulse began to fail, and that a customer sustained an electric shock while performing maintenance on a welder as a result of a Pulse transformer failure.  Plaintiff alleges that upon investigation it discovered that a number of Pulse transformers were not manufactured to the agreed-on specifications and had other quality problems.  Plaintiff conducted a recall of all of its welders containing faulty Pulse transformers.

2

Plaintiff filed its complaint in the Cuyahoga County Court of Common Pleas on August 29, 2008, and defendants removed the action to this Court on the basis of diversity. The complaint contains four causes of action. Count one is a claim for breach of express warranty against Technitrol and Pulse. Count two is a claim for negligent misrepresentation against Technitrol and Pulse. Count three is a claim for promissory estoppel against Technitrol and Pulse. Count four is a claim for breach of contract against Avnet and TTI.

Plaintiff now moves for leave to amend its complaint to add a claim of fraud against Pulse and Technitrol (hereinafter collectively "defendants"), including punitive damages under Ohio law, arguing that certain facts supporting the new claim came to light near the end of discovery. Defendants oppose the motion.

**ANALYSIS**

A party may amend its pleadings with leave of court, and the court should freely give such leave when justice requires. Fed. R. Civ. P. 15(a)(2). Justice does not require leave to amend "if there has been undue delay, bad faith, dilative motive, or repeated failure to cure the deficiency by amendments previously allowed." *Johnson v. Ventra Gp., Inc.,* No. 96-1463, 1997 U.S. App. LEXIS 21714, at *7 (6th Cir. Aug. 13, 1997) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Leave to amend the complaint should also not be granted if the amendment would result in undue prejudice to the opposing party or if the amendment would be futile. *Id.*

Plaintiff argues that leave to amend its complaint to add a claim for fraud should be granted because it first learned of the facts necessary to allege fraud during the depositions of certain Pulse employees in November and December 2009. During these depositions, plaintiff alleges that it "learned that Pulse utterly disregarded the agreed-upon designs and specifications

3

for the transformers. Instead, Pulse changed the specifications and designs of the transformers without telling Lincoln." Plaintiff claims that the only factual allegation in the amended complaint that was not previously pled as part of the original claims relates to Pulse's state of mind.

Defendants argue that leave to amend should be denied because the amendment would be futile, as the economic loss rule bars plaintiff's fraud claim and the proposed amendment fails to plead fraud with the required particularity. Defendants also argue that leave to amend should be denied because defendants would be substantially prejudiced by the new claim, as the complaint was filed more than a year ago and discovery has closed.

Plaintiff replies that the basis of its claim is not breach of a contractual duty, but fraudulent inducement, as Pulse's fraudulent statement caused plaintiff to place hundreds of orders with Pulse through Avnet and TTI. The economic loss doctrine, plaintiff argues, does not bar a fraudulent inducement claim. Plaintiff additionally argues that the Ohio Uniform Commercial Code allows plaintiff to maintain both a breach of warranty claim and a fraudulent inducement claim. Plaintiff further argues that its fraud claim meets the heightened pleading standards of Fed. R. Civ. P. 9(b). Finally, plaintiff argues that defendants will not be prejudiced by the amendment because further fact discovery is not needed as all elements of the claim except for Pulse's state of mind were alleged in the original complaint.

Defendants argue in sur-reply[1] that the fraud claim cannot withstand scrutiny under Ohio's economic loss doctrine because the fraud claim and the breach of warranty claim are not

---

[1] Defendants' Motion for Leave to File a Sur-Reply Brief is unopposed and hereby GRANTED.

independent of one another.  Defendants argue that the new fraud claim only adds a contention that Pulse intentionally did not conform to the specifications for the transformers, and that in Ohio, a party to a contract cannot be liable for fraudulently breaching a contract.

Upon review, the Court finds that amendment would be futile, as plaintiff does not state its fraud claim with particularity and also fails to state a claim for fraud as a matter of law.  The proposed new allegations are as follows:

>  60.  The specifications in Lincoln's Engineering Drawings, as described above, were referenced in each and every order Lincoln placed with Pulse through the suppliers, TTI and Avnet.
>
>  61.  Pulse understood that Lincoln would expect the products it was ordering to match the drawings and specifications in Lincoln's Engineering Drawings.
>
>  62.  Pulse's representations that its products would match the drawings and specifications as set forth in the Lincoln Engineering Drawings were material to Lincoln's decision to purchase Pulse Transformers, and at no time before 2007 did Pulse advise Lincoln that the Pulse Transformers failed to comply with the drawings and specifications in the Lincoln Transformer Drawings.  As set forth in paragraph 16, Lincoln reasonably and justifiably relied on Pulse's representations.
>
>  63.  Pulse intended Lincoln to rely upon Pulse's representation that its products would match the drawings and specifications as set forth in the Lincoln Engineering Drawings.
>
>  64.  As described in paragraph 21 and elsewhere, Pulse's transformers did not meet the drawings and specifications that the parties had agreed to.
>
>  65.  When Pulse manufactured and shipped transformers in response to Lincoln's orders, Pulse utterly and/or recklessly ignored the specifications, requirements, and standards required by the Lincoln Electric Drawings.  Pulse instead

5

>                    manufactured transformers that were not in compliance
>                    with the standards referenced in the Lincoln Electric
>                    Drawings and confirmed by Pulse's Director of
>                    Engineering. Pulse was aware or wantonly and recklessly
>                    indifferent to the fact that its production products sold to
>                    Lincoln did not conform to these representations.
>
> 66.                Through multiple sales of non-conforming transformers,
>                    Pulse acted with conscious disregard for Lincoln's rights
>                    and for the health and safety of those who purchased
>                    Lincoln products containing the defective transformers.
>                    Because of the failure of the Pulse Transformers,
>                    employees of Lincoln's customers have received electrical
>                    shocks.

### A.    Plaintiff's Fraud Claim Fails to Allege Fraud with Particularity

When pleading fraud, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." It is well-settled in the Sixth Circuit that circumstances constituting fraud include "the time, place, and content of the alleged misrepresentation" as well as the identity of the individual making the representation. *United States v. Ford Motor Credit Co.,* 532 F.3d 496, 504 (6th Cir. 2008) (internal quotations omitted); *Sogevalor, SA v. Penn Central Corp.,* 771 F. Supp. 890, 893 (S.D. Ohio 1991) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 680 (6th Cir. 1988)). The plaintiff must also allege "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ford Motor Credit,* 532 F.3d at 504. The purpose of this requirement is to "ensur[e] that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense." *Id.* Implicit in this purpose are two related concerns. First, requiring a plaintiff to plead fraud with particularity "discourages fishing expeditions and strike suits which appear more likely to consume a defendant's resources than to reveal evidence of wrongdoing." *Id.* (internal quotations omitted). Second, the particularity requirement protects a defendant from

"unwarranted damage to its reputation caused by spurious charges of immoral and fraudulent behavior." *Id.* (internal quotations omitted).

The Court finds that plaintiff's new allegations, even when considered together with the allegations in the remainder of the complaint, do not state the circumstances of the alleged fraud with the particularity required by Rule 9(b). Plaintiff does not allege with specificity the time of the misrepresentation that it claims induced plaintiff to place orders with Avnet and TTI, either in the proposed new allegations or elsewhere in the complaint. Plaintiff alleges elsewhere in the complaint that after Pulse submitted its proposal on May 17, 2001 in response to plaintiff's request, Pulse had "extensive, direct interaction" with plaintiff "concerning the design and manufacture of various transformers." (Complaint at ¶¶ 14, 26, 36.) Plaintiff additionally alleges that it purchased transformers from Pulse through Avnet and TTI over a period of years and that it had "direct, extensive, and continuing interactions with Pulse concerning, among other things, manufacturing, design changes, and the price of Pulse Transformers." (Complaint at ¶ 18.) Finally, plaintiff alleges that it discovered problems with the transformers at some point after June 2007. (Complaint at ¶ 21.) These allegations, however, which cover at least six years, do not state the time of the misrepresentation with the specificity required by Rule 9(b), especially given plaintiff's statement that it only purchased the transformers through Avnet and TTI over a three and a half year period.

Additionally, plaintiff does not identify any person who made the alleged misrepresentations, or even identify the persons with whom it had direct and extensive contact as it alleges, nor does plaintiff indicate where the misrepresentations took place. Although plaintiff provides some detail on the content of the misrepresentations elsewhere in the complaint by

7

giving a few examples of the alleged defects it discovered in 2007 (Complaint at ¶ 21), the complaint does not meet the requirements of Rule 9(b).  The Court further finds that granting plaintiff leave to amend to plead with more specificity would be futile, as plaintiff also fails to state a claim for fraud as a matter of law.

**B.     Plaintiff Fails to State a Claim for Fraudulent Inducement as a Matter of Law**

To properly assert a claim for fraudulent inducement, plaintiff must allege (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent to induce reliance on the representation; (5) justifiable reliance on the representation or concealment; and (6) resulting injury proximately caused by such reliance.  *Magical Farms, Inc. v. Land O'Lakes, Inc.,* No. 07-3568, 2009 U.S. App. LEXIS 26768, at *19, 21-22 (6th Cir. Dec. 8, 2009) (citing *Burr v. County Comm'r of Stark County,* 23 Ohio St. 3d 69, 491 N.E.2d 1101, 1105 (1986) and *Yo-Can, Inc. v. Yogurt Exch., Inc.,*149 Ohio App. 3d 513, 778 N.E.2d 80, 89 (Ohio Ct. App. 2002)).  *See also Onyx Environmental Svcs., LLC, v. Maison,* 407 F. Supp. 2d 874, 878 (N.D. Ohio 2005) (elements of fraudulent inducement are essentially the same as elements of fraud).

Plaintiff explains that it is alleging that Pulse fraudulently induced it to purchase transformers from Avnet and TTI that did not conform to the allegedly agreed-on specifications.  Plaintiff alleges that Pulse recklessly ignored the agreed-on transformer specifications "when manufactur[ing] and shipp[ing] transformers *in response to*" plaintiff's orders.  (Proposed Amended Complaint at  ¶ 65 (emphasis added).)  The reckless representation must be made with

8

the intent to induce another to rely upon it. *Magical Farms,* 2009 U.S. App. LEXIS 26768 at *21-22.  Plaintiff makes no allegation that Pulse made any reckless representations that caused plaintiff to enter into purchase orders with Avnet and TTI; instead plaintiff alleges that after plaintiff placed the orders, Pulse recklessly ignored the specifications.  Allegations relating to Pulse's state of mind after plaintiff entered into the contracts for purchase of the transformers do not properly assert a claim for fraudulent inducement.

Plaintiff argues that it does not have to allege that Pulse intended to mislead it, and it only has to allege that Pulse intended plaintiff to rely upon representations that proved to be false, citing *Magical Farms* in support.  In *Magical Farms,* the Sixth Circuit reversed a district court's judgment as a matter of law for the defendants on the plaintiff's fraud claim.  *Id.* at *24.  The plaintiff asserted a fraud claim because the defendants' alpaca feed contained a poisonous chemical that was not listed on the "guaranteed analysis" label, which purported to contain a list of all of the ingredients in the feed.  *Id.* at *18.  The plaintiff argued that the defendants made the representations on the guaranteed analysis label intentionally or with recklessness as to the truth or falsity of the representations.  *Id.*  The plaintiff argued that the label was material to its decision to purchase the feed, and the plaintiff's alpacas suffered injury and death as a result of the poisonous chemical.  *Id.* at 19.  The district court characterized the fourth element of fraud as "intention to mislead" as stated in *Burr v. County Comm'r of Stark County,* 23 Ohio St. 3d 69, 491 N.E.2d 1101, 1105 (1986).  *Id.* at *20.  It granted judgment as a matter of law because the evidence showed that the defendants learned about the chemical in the feed only after the alpacas started dying, and reasoned that without knowledge there could be no intention to mislead.  *Id.*

The Sixth Circuit in *Magical Farms* reversed, stating the following:  "Plaintiffs asserting

9

a claim of fraud do not have to prove that the defendant intended to mislead them, which would imply that the defendant knew its representations were false.  Rather, plaintiffs merely have to show that the defendant intended for them to rely on the representations that proved to be false." *Id.* at *22.  The court, however, was referring specifically to the fourth element of fraud.  The court held that requiring a plaintiff to show a defendant's "intent to mislead" would effectively insert a requirement that a defendant have actual knowledge of the truth or falsity of its representation.  Actual knowledge is not required under Ohio law, because the representation can also be shown to have been made with "such utter disregard and recklessness" as to its truth or falsity that knowledge may be inferred.  *Burr,* 491 N.E.2d at 1105.  The Sixth Circuit did not abrogate plaintiff's obligation to plead the third element of fraud– either actual knowledge of falsity at the time of the representation, or that defendant was so reckless at the time of the representation that knowledge may be inferred.  In *Magical Farms,* the court specifically held that the plaintiff made the required showing on the third and fourth elements of fraud:

> Third, [plaintiff] presented sufficient evidence for a jury to find that [defendants] acted with utter disregard and recklessness as to the truth or falsity of their representations concerning the contents of the alpaca feed, as they presented evidence that [defendants] manufactured the feed under circumstances that made contamination likely and in direct violation of the prohibition of the Quality Assurance Manual.  Fourth, [plaintiff] presented evidence suggesting that [defendants] intended for them to rely on the label in purchasing the feed and giving it to their alpacas for consumption; for example, [plaintiff] demonstrated that the label stated that the ingredients listed were subject to "guaranteed analysis."

2009 U.S. App. LEXIS 26768 at *22-23.  Thus, when reading *Magical Farms* in context, plaintiff does not simply have to allege that Pulse intended for it to rely upon representations that proved to be false.  Plaintiff must also meet the third element of fraud by alleging that Pulse

10

either knew the representation that induced plaintiff to enter into the purchase orders was false at the time it was made, or was reckless as to truth or falsity at the time it was made. As discussed above, plaintiff alleges that after it placed the orders, Pulse recklessly ignored the specifications. Accordingly, plaintiff fails to state a claim for fraud. As plaintiff has failed to plead fraud with particularity and has also failed to state a claim for fraud as a matter of law, the Court finds it unnecessary to reach the parties' remaining arguments regarding the economic loss doctrine and prejudice.

### **CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Leave to Amend Complaint to Add Fraud Claim as to Pulse and Technitrol is DENIED and the Motion of Technitrol, Inc. and Pulse Engineering, Inc. for Leave to File a Sur-Reply Brief in Further Opposition to Plaintiff's Motion for Leave to Amend Complaint is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/3/10