**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **The Lincoln Electric Company,** | ) | **CASE NO. 1:08 CV 2346** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Technitrol, Inc., et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant Avnet, Inc.'s Motion for Summary Judgment (Doc. 73). This is a breach of contract case. For the following reasons, defendant's motion is DENIED.

**FACTS**

Plaintiff, The Lincoln Electric Company, brings this action against defendants, Technitrol, Inc., Pulse Engineering, Inc., Avnet, Inc., and TTI, Inc. Plaintiff alleges that Pulse, a wholly-owned subsidiary of Technitrol, breached express warranties in the design and manufacture of transformers for use in plaintiff's welders because the transformers failed to

1

conform to the design specifications developed jointly by plaintiff and Pulse.  Plaintiff alleges that not following the design specifications led to failure of some of the Pulse transformers that were installed in plaintiff's welders.

Plaintiff and Pulse worked together to design the Pulse transformers beginning in 2001. Plaintiff purchased the Pulse transformers through defendants Avnet and TTI, distributors of electrical products.  Plaintiff and defendant Avnet (hereinafter "defendant") entered into a Supply Agreement for the Pulse transformers on August 2, 2004, and plaintiff purchased the transformers from defendant through mid-2007.  The Supply Agreement provides the following:

> 6.4  Seller warrants to Buyer that upon delivery to Buyer the Products shall conform to the applicable manufacturer's specifications for such Products . . . .  The foregoing shall not affect any claim that Buyer or Seller may have against the manufacturer of the Products.  Seller makes no other warranty, express or implied, with respect to the Products. **IN PARTICULAR, SELLER MAKES NO WARRANTY RESPECTING THE MERCHANTABILITY OF THE PRODUCTS OR THEIR SUITABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OR USE OR RESPECTING INFRINGEMENT.**  With respect to products which do not meet applicable manufacturer's specifications . . . , Seller's liability is limited, at Seller's election, to (1) refund of Buyer's purchase price for such Products (without interest), (2) repair of such Products, or (3) replacement of such Products; provided however, that such Products must be returned to Seller, along with acceptable evidence of purchase, within thirty (30) days from date of delivery, transportation charges prepaid.  Seller shall transfer to Buyer whatever transferable warranties and indemnities Seller receives from the manufacture of the Products, including any transferable warranties and indemnities respecting patent infringement.

The agreement further provides:

> 7.1  In the event Buyer suffers damage or loss caused, in whole

> or part, by a breach by Seller of its obligations under this Agreement, the parties agree that the Uniform Commercial Code as enacted by the State of Ohio, on the effective date of this agreement, unless modified herein, shall govern Buyer's remedies and the amount of damages recoverable for such breach.

Plaintiff visually inspected the Pulse transformers shipped from Avnet. Plaintiff also tested each transformer after it was installed in a welder, and tested the components of the welder powered by the transformer. Plaintiff did not discover any defects. In 2007, plaintiff began to experience problems with some of its welders in which Pulse transformers had been installed. The insulation in the transformers was failing and in one instance plaintiff's customer received an electric shock due to the faulty insulation. Plaintiff issued a stop shipment notice for welding machines containing Pulse transformers. Plaintiff subsequently discovered that the Pulse transformers had been manufactured with basic insulation instead of the required reinforced insulation agreed to by plaintiff and Pulse.

Plaintiff did not return any of the transformers to defendant within 30 days, as the transformers were incorporated into welding machines sold around the world over a period of years. Defendant and plaintiff engaged in discussions that culminated in Avnet approving Return Merchandise Authorizations for the defective Pulse transformers. Plaintiff has not returned any of the transformers.

The complaint contains four claims for relief. Count one is a claim for breach of express warranty against Technitrol and Pulse. Count two is a claim for negligent misrepresentation against Technitrol and Pulse. Count three is a claim for promissory estoppel against Technitrol and Pulse. Count four is a claim for breach of contract against TTI and Avnet, wherein plaintiff alleges it is entitled to replacement value of the transformers, among other damages.

Defendant now moves for summary judgment on count four of the complaint, arguing that returning the defective transformers within 30 days is a condition precedent to defendant's obligation to refund, repair, or replace the transformers.  Plaintiff opposes the motion, arguing that the defendant's warranty has failed of its essential purpose.

**STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)).  *See also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  A fact is material only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The court must afford all reasonable inferences and construe the evidence

in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255). *See also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). When the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252). Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

### **ANALYSIS**

**A.  Condition Precedent**

A condition precedent is "one which is to be performed before the agreement of the parties becomes operative.  A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend." *Mumaw v. The Western & Southern Life Ins. Co.,* 119 N.E. 132, 135 (Ohio 1917) (internal quotations omitted).  Whether a contract contains a condition precedent is determined by the parties' intent, considering the language of

the provision, the entire agreement, and the agreement's subject matter. *Id.*; *Troha v. Troha,* 663 N.E.2d 1319, 1324 (Ohio Ct. App. 1995).  Additionally, "[w]hen possible, courts should construe promises in a bilateral contract as mutually dependent and concurrent, rather than one promise as a condition precedent to the other." *Kaufman v. Byers,* 823 N.E.2d 530, 537 (Ohio Ct. App. 2004).

Defendant argues that plaintiff's breach of contract claim must fail as a matter of law because plaintiff did not return the faulty transformers within 30 days and thus failed to perform a condition precedent to defendant's obligation to refund, repair, or replace the transformers. Defendant analyzes the parties' intent to include § 6.4 of the Supply Agreement (hereinafter "the limited remedy provision") as a condition precedent based upon the language of the provision, the entire agreement, and the agreement's subject matter.

Defendant argues that the language of the limited remedy provision expresses the parties' intent that plaintiff return the transformers to defendant before defendant is obligated to refund, repair, or replace the transformers.  Defendant further argues that the entire Supply Agreement evidences the parties' intent that defendant be liable to plaintiff only in very limited circumstances by citing to provisions of the Supply Agreement that provide "Buyer recognizes that Seller is a reseller, and not the manufacturer of the Products"; "Seller makes no independent warranties with respect to the Products"; and "Seller makes no other warranty, express or implied, with respect to the Products."  Defendant also points out that it has expressly disclaimed warranty of merchantability and fitness for a particular purpose.  Finally, defendant argues that the subject matter of the Supply Agreement also shows that parties did not intend for defendant to be liable for replacement value of the transformers because it was merely a supplier.  In

6

support, defendant points out that the Supply Agreement provides that "Buyer will be responsible for the inspection of the Products before assembly and/or resale to Buyer's customers." Defendant argues that this provision shows that the parties did not intend for defendant to be responsible for products with defects that could only be found by taking the transformers apart and performing tests. Defendant also argues that as a supplier it had no way of knowing that the transformers did not conform to specifications.

Plaintiff argues that the limitation of liability provision is not a condition precedent, but even if it were, defendant has waived the condition through its course of conduct. Plaintiff argues that whether a party to a contract has waived a condition precedent through its course of conduct is a question of fact. Plaintiff notes that defendant issued Return Merchandise Authorizations to plaintiff for the defective transformers after the defects came to light even though 30 days had passed since delivery, which it argues is evidence of defendant's knowing and voluntary waiver of its right to insist on return of the transformers within 30 days.

Defendant replies that it did not waive the condition precedent because it intended only to fulfill its obligation to facilitate plaintiff's claim against Pulse.[1]

Upon review, the Court finds that defendant is not entitled to summary judgment on the ground that plaintiff failed to perform a condition precedent. The limited remedy provision is not a condition precedent. Under Ohio law, a condition precedent is an event that must take place after the terms of the contract have been agreed to, but before the contract becomes operative. *Mumaw,* 119 N.E. at 135. Plaintiff and defendant performed under an operative

---

[1] Defendant cites no provision in the Supply Agreement or other evidence showing defendant had an obligation to assist plaintiff in pursuing its claim against Pulse.

7

contract for nearly three years. Defendant provides no legal support for the argument that a limited remedy provision is a condition precedent. The limited remedy provision simply provides a remedy to plaintiff should the products sold by defendant fail to conform to the applicable manufacturer's specifications.[2]

**B.     Failure of Essential Purpose of Warranty**

The Ohio Uniform Commercial Code provides the following:

(A) Subject to the provisions of divisions (B) and (C) of this section and of section 1302.92 of the Revised Code on liquidation and limitation of damages, both of the following apply:

> (1) The agreement may provide for remedies in addition to or in substitution for those provided in sections 1302.01 to 1302.98 of the Revised Code and may limit or alter the measure of damages recoverable under those sections, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts.
>
> (2) Resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(B) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in Chapters 1301., 1302., 1303., 1304., 1305., 1307., 1308., 1309., and 1310. of the Revised Code.

Whether a limited remedy has failed of its essential purpose is a question of fact. *Malkimaki v. Sea Ray Boats, Inc.,* 411 F. Supp. 2d 737, 745 (N.D. Ohio 2005); *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 537 N.E.2d 624, 639-40 (Ohio 1989). A limited or exclusive remedy can fail of its essential purpose if it deprives the purchaser of the substantial value of its bargain, leaving the purchaser without a remedy. *Daniel A. Terrieri and Sons, Inc. v.*

---

[2] Because the Court finds that the limited remedy provision is not a condition precedent, it need not address plaintiff's arguments that defendant waived the condition.

8

*Alliance Wall Corp.,* No. 95 C.A. 11, 1996 WL 148596, at *5 (Ohio Ct. App. March 29, 1996) ("[U]nder commercial law, a limitation of remedy fails of its essential purpose if it deprives the purchaser of the substantial value of its bargain."). A purchaser can be deprived of the value of its bargain where the goods purchased under the contract contain latent defects, which are defects that are "not detectable until it is impractical to effectuate the exclusive remedy." *Lewis Refrigeration Co. v. Sawyer Fruit, Vegetable and Cold Storage Co.,* 709 F.2d 427, 432 (6th Cir. 1983) (applying Washington law).[3] *See Daniel A. Terrieri and Sons, Inc.,* 1996 WL 148596 at *5 ("The latent character of the defect in the panels did not allow said defect to be discovered upon tender of delivery nor prior to installation of such panels.").

While Ohio courts have not dealt extensively with latent defects depriving the purchaser of the benefit of its bargain, courts in other jurisdictions follow a similar rule. *See PDC Laboratories, Inc. v. Hach Co.,* No. 09-1110, 2009 U.S. Dist. LEXIS 75378, at *12 (C.D. Ill. August 24, 2009) ("[W]hen a contract limits remedy to return of the purchase price, the limited remedy fails of its essential purpose 'when goods have latent defects which are not discoverable upon receipt and reasonable inspection.'" (applying Colorado law and quoting *Leprino v. Intermountain Brick Co.,* 759 P.2d 835, 836 (Colo. Ct. App. 1988))); *Petri Paint Co. v. OMG Americas, Inc.,* 595 F. Supp. 2d 416, 423-425 (D.N.J. 2008) (applying case law pertaining to latent seed defects to chemical products suit in which chemical defects were not readily discoverable); *Fiberglass Component Prod., Inc. v. Reichhold Chemicals, Inc.,* 983 F. Supp. 948, 960 (D. Colo. 1997) ("Failure of the essential purpose of a remedy is measured by whether the

---

[3] The Washington Uniform Commercial Code provision does not substantively differ from Ohio's Uniform Commercial Code. *See* Rev. Code Wash. § 62A.2-719(2).

buyer is deprived of the substantial value of his bargain.  For example, when goods have latent defects which are not discoverable upon receipt and reasonable inspection, a limitation of remedy to return of the purchase price fails of its essential purpose." (citations omitted)); *Neville Chem. Co. v. Union Carbide Corp.,* 294 F. Supp. 649, 655 (W.D. Pa. 1968) ("[A] time limitation of a few days after receipt of shipment renders any warranties ineffective as to defects not discoverable on ordinary inspection . . . .  Such limitations on time and damages, when the defect is latent, are illusory and under the circumstances of this case represent no remedy at all.").

Plaintiff argues in its opposition to summary judgment that the limited remedy provided by the Supply Agreement has failed of its essential purpose.  Plaintiff asserts that whether a remedy has failed of its essential purpose is question of fact not suited for summary judgment.  Plaintiff argues that the limited remedy provision may be reasonable where the defect can be discovered at the time of delivery but in this instance leaves plaintiff without a remedy because the defects in the Pulse transformers were latent.  Plaintiff asserts that reasonable inspection and normal testing showed no defects, and the defects were not discovered until it was impossible for plaintiff to return the transformers.  Plaintiff further argues that to enforce the limitation would deprive plaintiff of the benefit of its bargain.

Upon review, the Court finds a genuine issue of material fact as to whether the limited remedy failed of its essential purpose.  Plaintiff has introduced evidence that the transformers did not meet the manufacturer's specifications, that the defects could not be discovered upon delivery and reasonable inspection, and that plaintiff is left without a remedy.  Defendant argues that plaintiff has not been deprived of the benefit of its bargain because plaintiff is not without a remedy – plaintiff can sue the manufacturer.  The bargain at issue, however, is the one between

10

plaintiff and defendant, not between plaintiff and Pulse.  Plaintiff bargained for defendant's warranty that the Pulse transformers would conform to the applicable specifications.  If that warranty failed of its essential purpose, plaintiff may be entitled to relief from defendant as provided under Ohio law.  Accordingly, defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/2/10