**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LINCOLN ELECTRIC CO.,** | **Case. 1:08CV2346** |
| **Plaintiff,** | **Judge Patricia A. Gaughan** |
| **v.** | **Magistrate Judge Nancy A. Vecchiarelli** |
| **TECHNITROL INC., et al.,** | |
| **Defendants.** | |

## PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's April 12, 2010 Order and Rule 51 of the Federal Rules of Civil Procedure, Plaintiff the Lincoln Electric Company ("Lincoln") and Defendants Technitrol, Inc. ("Technitrol"), Pulse Engineering, Inc. ("Pulse"), and Avnet, Inc. ("Avnet") jointly submit the following proposed jury instructions.[1] The parties each reserve their respective right to amend these instructions as necessary to conform to the evidence at trial.[2]

---

[1] Pursuant to paragraph 3 of the Court's order of April 12, 2010, the parties agree upon the instructions except as noted herein.  In such places where the parties are in dispute, such dispute is noted and the parties' respective positions and alternative proposals are noted, consistent with the Court's directive.

[2] Plaintiff, the Lincoln Electric Company, provided proposed jury instructions to defendants Pulse and Technitrol on Wednesday, September 1.  Pulse provided preliminary comments on September 3, but did not provide complete comments until two hours before the close of business today.  As such, as of the filing of these jury instructions, the parties have not reached agreement on all instructions.  While Lincoln drafted its instructions to be neutral and not case-specific, Pulse and Technitrol have included numerous instructions that are case-specific.  Lincoln, therefore, reserves the right to modify its jury instructions to include case-specific information in the event the Court adopts any instruction by Pulse or Technitrol that includes case-specific information.  Lincoln remains willing to work with the other parties to reach an agreement on as many instructions as possible.

INSTRUCTION X

## DIRECTED VERDICT – ALL CLAIMS

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

I find that Lincoln has failed to make out any of its claims, and therefore I instruct you that you are to find for defendants on all claims.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION as it is improper.]**

INSTRUCTION X

## DIRECTED VERDICT – BREACH OF EXPRESS WARRANTY

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

I find that Lincoln has failed to make out a claim for breach of express warranty, and therefore I instruct you that you are to find for Pulse and Technitrol on Lincoln's express warranty claim.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION as it is improper.]**

INSTRUCTION X

<u>DIRECTED VERDICT – PROMISSORY ESTOPPEL</u>

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

I find that Lincoln has failed to make out a claim for promissory estoppel, and therefore I instruct you that you are to find for Pulse and Technitrol on Lincoln's promissory estoppel claim.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION as it is improper.]**

CLI-1831318v1

INSTRUCTION X

## DIRECTED VERDICT – NEGLIGENT MISREPRESENTATION

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

I find that Lincoln has failed to make out a claim for negligent misrepresentation, and therefore I instruct you that you are to find for Pulse and Technitrol on Lincoln's negligent misrepresentation claim.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION as it is improper.]**

INSTRUCTION X

<u>DIRECTED VERDICT – BREACH OF CONTRACT</u>

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

I find that Lincoln has failed to make out a claim for breach of contract, and therefore I instruct you that you are to find for Avnet on Lincoln's breach of contract claim.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION as it is improper.]**

- 6 -

INSTRUCTION X

## DIRECTED VERDICT – LIABILITY OF TECHNITROL

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

I find that Lincoln has failed to make out a claim for liability of Technitrol on an agency liability theory, and therefore I instruct you that you are to find for Pulse and Technitrol on Lincoln's claim that Technitrol held Pulse out as Technitrol's agent.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION as it is improper.]**

INSTRUCTION X

<u>JUROR ATTENTIVENESS</u>

"Ladies and gentlemen, before you begin your deliberations, I am now going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law."[1]

---

[1] 4-71, <u>Modern Federal Jury Instructions</u>, ¶ 71.01, Instruction 71-1 (Matthew Bender 2010).

INSTRUCTION X

ROLE OF THE COURT

"You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you."[1]

---

[1] 4-71, Modern Federal Jury Instructions, ¶ 71.01, Instruction 71-2 (Matthew Bender 2010).

INSTRUCTION X

## ROLE OF THE JURY

"As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said [about a fact issue] – or what I may say in these instructions – . . . evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts of what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be . . . .

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party."[1]

---

[1] 4-71, <u>Modern Federal Jury Instructions</u>, ¶ 71.01, Instruction 71-3 (Matthew Bender 2010).

INSTRUCTION X

## JUROR OATH

"In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict."[1]

---

[1]  4-71, <u>Modern Federal Jury Instructions</u>, ¶ 71.01, Instruction 71-4 (Matthew Bender 2010).

INSTRUCTION X

<u>JURY TO DISREGARD COURT'S VIEW AND CONDUCT OF COUNSEL</u>

"In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence."[1]

"It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

. . . [M]y rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence."[2]  "You have no concern with the reasons for any such ruling and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation

---

[1] 4-71, <u>Modern Federal Jury Instructions</u>, ¶ 71.01, Instruction 71-5 (Matthew Bender 2010).

[2] *Id*., ¶ 71.01, Instruction 71-6.

- 13 -

or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight."[1]

---

[1] *Id*., ¶ 71.01, Instruction 71-5.

INSTRUCTION X

## MULTIPLE CLAIMS, MULTIPLE PARTIES

LINCOLN PROPOSED INSTRUCTION:

In this lawsuit, Plaintiff, Lincoln brings four different claims against Defendants, Technitrol, Pulse, and Avnet.  Lincoln claims Pulse and Technitrol are liable for breach of express warranty, promissory estoppel and negligent misrepresentation.  Lincoln claims Avnet is liable for breach of contract.  In many respects, this one trial is like four different trials being conducted at the same time.  You will have to reach a verdict on Lincoln's claims for breach of express warranty, promissory estoppel and negligent misrepresentation against Technitrol and Pulse and on Lincoln's claim for breach of contract against Avnet.[1]

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  None of the defendants is to be prejudiced should you find against the other.[2]

PULSE/TECHNITROL PROPOSED INSTRUCTION:

## MULTIPLE CLAIMS, MULTIPLE PARTIES

In this lawsuit, Plaintiff, Lincoln has brought four different claims against Defendants, Technitrol, Pulse, and Avnet.  In many respects, this one trial is like four different trials being conducted at the same time.  You will have to reach a verdict on each of Lincoln's four claims against each Defendant, unless Lincoln has not brought a specific claim against that Defendant.

Each Defendant is entitled to a fair and separate consideration of its own defense and is not to be affected by your decision with respect to others.  The instructions apply to each

---

[1] 1 O.J.I. § 5.92

[2] 3 Fed. Jury Prac. & Instr. § 103.14 (5th ed. 2010).

Defendant unless otherwise indicated.  Thus, you must determine the merits of each claim with respect to each Defendant separately.[1]

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  None of the defendants is to be prejudiced should you find against the other.[2]

---

[1]    1 O.J.I. § 5.92

[2]    3 Fed. Jury Prac. & Instr. § 103.14 (5th ed. 2010).

INSTRUCTION X

CORPORATIONS

PULSE/TECHNITROL SUGGESTED INSTRUCTION

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.[1]

**[LINCOLN OBJECTS TO THIS INSTRUCTION:  All parties in this lawsuit are corporations.  Consequently, this instruction is unnecessary.]**

---

[1] 3 Fed. Jury Prac. & Instr. § 103.12 (5th ed. 2010).

INSTRUCTION X

<u>BURDEN OF PROOF</u>

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

"This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a preponderance of the evidence.[1]  Similarly, with respect to the [affirmative defenses] asserted by the defendants, the burden of proof is upon the defendant to prove the material [elements of those affirmative defenses] by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that [Lincoln] has carried [its] burden on each essential point as to which [it] has the burden of proof, then you must find for [Lincoln] on [its] claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then [Lincoln] has failed to sustain [its] burden and you must find for the defendant or defendants.  By the same token, if you find that the defendant or defendants

---

1 *Estridge v. Briar Rd. Farms, Inc.*, 5th Dist. No. 2008-CA-0010, 2009-Ohio-2980, at ¶ 22 (applying preponderance standard to breach of warranty claim); Ohio Jury Instructions Section 501.31 (2010) (recognizing split in Ohio courts regarding standard of proof for promissory estoppel claims and rejecting clear and convincing standard); *Jacobson v. Med. College of Ohio*, 10th Dist. No. 04AP-931, 2005-Ohio-2558, at ¶¶ 13, 25 (applying preponderance standard to promissory estoppel claim); *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 622 N.E.2d 1093, 1107 (Ohio App. 1993) (holding promissory estoppel claims are subject to preponderance standard); *Brothers v. Morone-O'Keefe Dev. Co.*, 10th Dist. No. 05AP-161, 2006-Ohio-1160, at ¶ 20 (holding that same preponderance standard that applies to negligence claims applies to negligent misrepresentation claims); *Flanagan Lieberman Hoffman & Swaim v. Transamerica Life and Annuity Co.*, 228 F.Supp.2d 830, 849 (S.D. Ohio 2002) (applying preponderance standard to negligent misrepresentation claim); *Langfan v. Carlton Gardens Co.*, 916 N.E.2d 1079, 1087 (Ohio App. 2009) (applying preponderance standard to breach of contract claim); *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 763 (6th Cir. 2008) (applying preponderance standard to Ohio breach of contract claim).

- 18 -

have carried their burden of proof with respect to each of the elements of their [affirmative defenses], then you must find for the defendant or defendants."[1]

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

"This is a civil case where the plaintiff has asserted four claims against the defendants, three of which place a burden on the plaintiff of proving the material allegations of its complaint by a preponderance of the evidence, and one of which places a burden on the plaintiff of proving the material allegations of its complaint by clear and convincing evidence.[2]  With respect to the [affirmative defenses] asserted by the defendants, the burden of proof is upon the defendant to prove the material [elements of those affirmative defenses] by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that [Lincoln] has carried [its] burden on each essential point as to which [it] has the burden of proof, then you must find for [Lincoln] on [its] claims.  If you find that Lincoln has failed to carry its burden on any essential point, or that the defendant or defendants have carried their burden of proof with respect to each of the elements of their [affirmative defenses], then you must find for the defendant or defendants."[3]

---

[1] 4-73, <u>Modern Federal Jury Instructions</u>, ¶ 73.01, Instruction 73-1 (Matthew Bender 2010).

[2] *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 Fed. Appx. 369, 374-75 (6th Cir. 2009) (clear and convincing standard applies to promissory estoppel claims under Ohio law); *Network Multifamily Security Corp. v. JT Schirm Farms, LLC*, 2010 WL 1372419, *10 (S.D. Ohio 2010) ("The party asserting promissory estoppel bears the burden of proving, by clear and convincing evidence, all of the elements of the claim."); *Dailey v. Craigmyle & Son Farms, L.L.C.*, 894 N.E.2d 1301, 1307 (Ohio App. 4th Dist. 2008) (clear and convincing standard applies to promissory estoppel claims under Ohio law); *Circuit Solutions v. Mueller Electric*, 2006 Ohio 4321, *1 (Ohio App. 9th Dist.) (same); *Simon Property Group, L.P. v. Kill*, 2010 WL 1266835, *8-*9 (Ohio App. 3rd Dist.) (same).

[3] 4-73, <u>Modern Federal Jury Instructions</u>, ¶ 73.01, Instruction 73-1 (Matthew Bender 2010).

[LINCOLN OBJECTS TO THIS INSTRUCTION:  There is a split among Ohio appellate courts regarding the proper burden of proof for promissory estoppel claims.  *See, e.g., Jacobson v. Med. College of Ohio*, 10th Dist. No. 04AP-931, 2005-Ohio-2558, at ¶¶ 13, 25 (applying preponderance standard to promissory estoppel claim); *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 622 N.E.2d 1093, 1107 (Ohio App. 8th Dist. 1993) (holding promissory estoppel claims are subject to preponderance standard); *but see Dailey v. Craigmyle & Son Farms, L.L.C.*, 894 N.E.2d 1301, 1307 (Ohio App. 4th Dist. 2008) (clear and convincing standard applies to promissory estoppel claims under Ohio law); *Circuit Solutions v. Mueller Electric*, 9th Dist. No. 05CA008775, 2006-Ohio-4321, at ¶ 5 (same); *Simon Property Group, L.P. v. Kill*, 3d Dist. No. 1-09-30, 2010-Ohio-1492, at ¶ 17 (same).

The cases applying the clear and convincing standard are all traceable to *Kroll v. Close*, 92 N.E.2d 29 (Ohio 1910).  *Kroll*, however, dealt with estoppel in pais, not promissory estoppel.  Promissory estoppel is a quasi-contractual doctrine, *Dailey*, 894 N.E.2d at 1306, and is not a fraud claim.  Consequently, the preponderance standard used in contract actions is more appropriate than the clear and convincing fraud standard.  Recognizing this, the drafters of the Ohio Jury Instructions have rejected the clear and convincing standard and adopted the preponderance standard for promissory estoppel claims.  1 Ohio Jury Instructions Section 501.31 (2010).]

INSTRUCTION X

<u>PREPONDERANCE OF THE EVIDENCE</u>

"What does a 'preponderance of evidence' mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  This is because the party bearing this burden must prove more than simple equality of evidence – [it] must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then the element will have been proved by a preponderance of evidence." [1]

_____

[1] 4-73, <u>Modern Federal Jury Instructions</u>, ¶ 73.01, Instruction 73-2 (Matthew Bender 2010).

**[LINCOLN ADDITION:]** "Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind."[1]

---

[1] 4-73, <u>Modern Federal Jury Instructions</u>, ¶ 73.01, Instruction 73-2 (Matthew Bender 2010).

INSTRUCTION X

<u>CLEAR AND CONVINCING EVIDENCE</u>

TECHNITROL/PULSE SUGGESTED INSTRUCTION:

When a party has the burden of proof on any claim by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that the claim is true. "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.[1]

"To be clear and convincing the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about the facts to be proved."[2]  The clear and convincing standard does not require proof to an absolute certainty or beyond a reasonable doubt.[3]

**[LINCOLN OBJECTS TO THE INCLUSION OF THIS INSTRUCTION.  As discussed above, promissory estoppel claims are to be proven by a preponderance of the evidence. No other claim has a clear and convincing standard.  Should the Court include an instruction on clear and convincing evidence, Lincoln proposes the following alternative instruction:**

**"To be clear and convincing the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction**

---

[1]        3 Fed. Jury Prac. & Instr. § 104.02 (5th ed. 2010); 1 O.J.I. CV 303.07; *In re R.C.*, 2010 WL 3210759, *11 (Ohio App. 3rd Dist.) (describing standard).

[2] Ohio Jury Instructions Section 303.07(1) (2010).

[3] *Cross v. Ledford*, 120 N.E.2d 118, 119-20 (Ohio 1954).

about the facts to be proved."[1]  The clear and convincing standard does not require proof to an absolute certainty or beyond a reasonable doubt.[2]]

---

[1] Ohio Jury Instructions Section 303.07(1) (2010).

[2] *Cross v. Ledford*, 120 N.E.2d 118, 119-20 (Ohio 1954).

CLI-1831318v1

INSTRUCTION X

## WHAT IS AND IS NOT EVIDENCE

"The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of the statement, and if there is no direct evidence in the record proving the assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: 'When did you stop beating your wife?'  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness's credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

- 25 -

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen."[1]

---

[1] 4-74, <u>Modern Federal Jury Instructions</u>, ¶ 74.01, Instruction 74-1 (Matthew Bender 2010).

INSTRUCTION X

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

"There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but

- 27 -

simply requires that your verdict must be based on a preponderance of all the evidence

presented."[1]

---

[1] 4-74, <u>Modern Federal Jury Instructions</u>, ¶ 74.01, Instruction 74-2 (Matthew Bender 2010).

CLI-1831318v1

INSTRUCTION X

STIPULATION OF FACTS

"A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true."[1]

---

[1]  4-74, <u>Modern Federal Jury Instructions</u>, ¶ 74.02, Instruction 74-4 (Matthew Bender 2010).

INSTRUCTION X

## SUMMARIES AND CHARTS ADMITTED AS EVIDENCE

[If Warranted]

"[The parties have] presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence."[1]

---

[1] 4-74, Modern Federal Jury Instructions, ¶ 74.06, Instruction 74-11 (Matthew Bender 2010).

INSTRUCTION X

SUMMARIES AND CHARTS NOT ADMITTED AS EVIDENCE

[If Warranted]

"[C]harts and summaries were [also] shown to you [that were not admitted into evidence] in order to make the other evidence more meaningful and to aid you in considering the evidence. They are not better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules and summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence."[1]

---

[1] 4-74, Modern Federal Jury Instructions, ¶ 74.06, Instruction 74-12 (Matthew Bender 2010).

INSTRUCTION X

DEPOSITIONS

"Some of the testimony before you is in the form of depositions which have been received in evidence.  [Some of these depositions have been presented to you via video.]  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You [are to] consider the testimony of a witness given at a deposition according to [exactly] the same standards you would use to evaluate the testimony of a witness given at trial."[1]  **[LINCOLN PROPOSED ADDITION:]** Testimony presented via deposition is entitled to the same weight and should be given the same consideration by you as testimony presented at trial.

---

[1] 4-74, Modern Federal Jury Instructions, ¶ 74.07, Instruction 74-14 (Matthew Bender 2010).

INSTRUCTION X

<u>INFERENCE DEFINED</u>

"During the trial you have heard the attorneys use the term 'inference' and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience."[1]

_____

[1] 4-75, <u>Modern Federal Jury Instructions</u>, ¶ 75.01, Instruction 75-1 (Matthew Bender 2010).

- 33 -

INSTRUCTION X

<u>WITNESS CREDIBILITY</u>

"You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony. . . . In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony. . . .

You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his . . . demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience."[1]  **[LINCOLN PROPOSED ADDITION:]**  You should not find a witness's testimony any less credible simply because that witness's testimony was presented in the form of a deposition transcript or a video deposition.

---

[1] 4-76, <u>Modern Federal Jury Instructions</u>, ¶ 76.01[1], Instruction 76-1 (Matthew Bender 2010).

INSTRUCTION X

<u>DISCREPANCIES IN TESTIMONY</u>

"You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things, and even a truthful witness may be nervous and contradict himself.  It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his . . . testimony.  You should, as always, use common sense and your own good judgment."[1]

---

[1] 4-76, <u>Modern Federal Jury Instructions</u>, ¶ 76.01[1], Instruction 76-4 (Matthew Bender 2010).

INSTRUCTION X

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

"You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony."[1]

---

[1] 4-76, <u>Modern Federal Jury Instructions</u>, ¶ 76.01[1], Instruction 76-5 (Matthew Bender 2010).

- 36 -

<u>SPOLIATION</u>

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

In this case, Pulse has alleged that Lincoln is responsible for destruction of evidence relevant to this trial.  If you should find that Lincoln willfully suppressed, hid, or destroyed evidence in order to prevent its being presented in this trial, then you may infer that the evidence is unfavorable to Lincoln, which could have produced it but did not.[1]

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION:  There is no basis upon which Pulse or Technitrol can claim that Lincoln spoliated evidence.]**

---

[1]        3 Fed. Jury Prac. & Instr. §§ 104.26 & 104.27 (5th ed. 2010); *Adkins v. Wolever,* 554 F.3d 650, 653 (6th Cir.2009) (en banc) (trial court may instruct jury to make adverse inference from spoliation of evidence).

CLI-1831318v1

INSTRUCTION X

## EXPERT WITNESSES

"In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you."[1]

---

[1] 4-76, Modern Federal Jury Instructions, ¶ 76.01[2], Instruction 76-9 (Matthew Bender 2010).

INSTRUCTION X

<u>CONFLICTING EXPERT TESTIMONY</u>

"You have heard testimony of [multiple] witnesses who have been called by both sides to give their opinion about [the issues in this case].

The witnesses who testified in this case did so in order to assist you in reaching a decision on the issues in this case.

The testimony of these witnesses is in conflict.  They disagree.  You must remember that you are the sole trier of the facts and their testimony relates to questions of fact.  [I]t is your job to resolve their disagreements.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence.  You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness.  The determination of the facts in this case rests solely with you."[1]

---

[1] 4-76, <u>Modern Federal Jury Instructions</u>, ¶ 76.01[2], Instruction 76-10 (Matthew Bender 2010).

INSTRUCTION X

<u>CLAIMS</u>

I will now instruct you on the law governing each of Lincoln's claims [and the defendants' affirmative defenses].  Lincoln asserts three claims against Pulse and Technitrol: breach of express warranty, promissory estoppel, and negligent misrepresentation.  Lincoln asserts one claim against Avnet: breach of contract.  It is your duty to determine whether Lincoln has sustained its burden of proof as to each of these claims.

Avnet asserts one cross-claim against Pulse and Technitrol: indemnity.  It is your duty to determine whether Avnet has sustained its burden of proof as to this claim.

The defendants assert the following affirmative defenses: failure to mitigate, comparative negligence, misuse, intervening cause, and unreasonable use.  It is your duty to determine whether the defendants have sustained their burden of proof as to each of their affirmative defenses.

CLI-1831318v1

INSTRUCTION X

<u>EXPRESS WARRANTY</u>

Lincoln asserts a claim for breach of express warranty against Pulse and Technitrol.  You must find for Lincoln on its claim that Pulse and Technitrol breached express warranties if you find, by a preponderance of the evidence:

*First*, that Pulse made a material or substantial promise or representation to Lincoln which related to the transformers;

*Second*, that the representation or representations became part of the basis of the bargain between Lincoln and Pulse;

*Third*, that the transformers did not conform to Pulse's representation or representations; and

*Fourth*, that Lincoln was damaged as a result.[1]

---

[1] Ohio Rev. Code § 1302.26; *Geier Bros. Farms v. Furst-McNess Co.*, 186 F.Supp.2d 798, 805 (N.D. Ohio 2002) (setting forth elements of claims for breach of express warranty); *Cervelli v. Thompson/Center Arms*, 183 F.Supp.2d 1032, 1045 (S.D. Ohio 2002) (same); *Moon v. Miller*, 601 N.E.2d 534, 536 (Ohio App. 1991) (same).

- 41 -

INSTRUCTION X

PROMISE OR REPRESENTATION

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

"[Pulse] has made a promise [or representation] if, from the facts and circumstances in evidence, you find that a reasonable person in the position of [Lincoln] would believe that [Pulse] had made a promise [or representation] about [the transformers]."[1]  That promise became a basis of the bargain if it was one factor upon which Lincoln relied in entering into the agreement.[2]

---

[1] 1 Ohio Jury Instructions, Section 505.11(3) (2010).

[2] *Id*., Section 505.11(4); *Barksdale v. Van's Auto Sales, Inc.*, 577 N.E.2d 426, 428-29 (Ohio App. 1989).

INSTRUCTION X

<u>BREACH</u>

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

     If you find that the transformers manufactured by Pulse failed to conform to any one of Pulse's representations, you must find that Pulse breached an express warranty.[1]

---

[1] *Furlong v. Alpha Chi Omega Sorority*, 657 N.E.2d 866, 871 (Ohio Mun. 1993) (holding express warranty was breached where goods were not manufactured in accordance with agreed-upon specifications).

INSTRUCTION X

## EXPRESS WARRANTY

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

Lincoln has asserted a claim against Pulse for breach of express warranty.  Before you may find for Lincoln with respect to this claim, you must find, by a preponderance of the evidence, that:

        (1)      Pulse made an affirmation of fact or promise to Lincoln which related to the goods,

        (2)      The affirmation of fact or promise became part of the basis of the bargain between Lincoln and Pulse;

        (3)      Material breach of the affirmation of fact or promise by Pulse; and

        (4)      Damages to Lincoln as a result of Pulse's material breach.[1]

If you find that Lincoln has failed to prove any one of these elements by a preponderance of the evidence, then you must find for Pulse on Lincoln's claim.

---

[1]      Ohio Rev. Code Ann. § 1302.26; *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 879 (6th Cir. 2007) (affirming jury instruction on material breach in UCC action under Ohio law).

- 44 -

INSTRUCTION X

## CONSTRUE AGAINST DRAFTER

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

One of the documents at issue in this case is Lincoln's Request for Proposal which contains Lincoln's Terms and Conditions.  Should you find any provision of Lincoln's Terms and Conditions is ambiguous or unclear, then I instruct you that you must construe any ambiguous terms against Lincoln, as it was Lincoln that drafted those Terms and Conditions.[1]

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION:  There is no foundation upon which to claim any Terms and Conditions are unclear.]**

---

[1]     *James Yeager Homebuilders, Inc. v. Foss*, 2008 WL 375923, *2 (Ohio App. 9th Dist. 2008) ("any ambiguity in contractual terms will be construed against the drafter," citing *McKay Machine Co. v. Rodman*, 11 Ohio St. 2d 77, 80 (Ohio 1967)); *Pennell v. Hartford Life & Acc. Ins. Co.,* 2010 WL 330259, *3 (N.D. Ohio 2010) (same rule).

INSTRUCTION X

<u>MATERIAL BREACH</u>

TECHNITROL/PULSE SUGGESTED INSTRUCTION:

A party is in material breach of an express warranty when it violates a an essential term. A material breach by one party excuses the other party from performing its remaining obligations. Mere nominal, trifling, slight or technical departures from the parties' terms are not material breaches so long as they occur in good faith.[1]  If you find that Pulse did not materially breach any warranty to Lincoln, you must find for Pulse with respect to Lincoln's claim of breach of express warranty.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION.  There is no requirement that the breach of an express warranty be material.  Ohio law only requires that the promise or assurance be material or substantial, not the breach.  Ohio Jur. Products § 10; *Cervelli*, 183 F.Supp.2d at 1045.  The case cited by Pulse and Technitrol discussing a material breach relates to breach of contract, not breach of an express warranty.  *Micrel, Inc.*, 486 F.3d at 879.  Further, even if there were a materiality requirement, the fact that a breach is not material does not require the jury to find against Lincoln.  In actions for breach of contract, a plaintiff is entitled to recover damages whether or not a breach is material.  Ohio Jury Instructions 501.01(2), cmt.  The plaintiff is simply limited to recovering damages and may not rescind the contract.  *Id.*; *see also Strawser v. Vulic*, No. 92AP-1640, 1993 WL 23844, at *8 (Ohio App. June 22, 1993) (allowing damages for nonmaterial breach).**

---

[1] *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 879 (6th Cir. 2007) (describing material breach in UCC action under Ohio law).

**The instruction is further inappropriate because there are no facts to support any claim by Pulse that the alleged breaches are not material.]**

INSTRUCTION X

WARRANTY PERIOD

TECHNITROL/PULSE SUGGESTED INSTRUCTION:

Pulse has asserted that Lincoln may not recover on a portion of its express warranty claim because the warranty contained in Lincoln's Terms and Conditions states that it is limited to a period of 24 months from the date Pulse's products were delivered.  In order to make an express warranty claim, the claim must be asserted within the warranty period.  In this case, the claim was made on August 29, 2008.  If you find that any portion of Lincoln's claim of breach of express warranty relates to transformers that Lincoln determined were defective after the expiration of the 24-month warranty period, then you may not award any damages as to that portion of Lincoln's breach of express warranty claim.[1]

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION.  Lincoln's terms and conditions extend performance from date of delivery: "for a period of at least twenty-four (24) months from the date of delivery that all Goods supplied to BUYER shall conform to all drawings, specifications, samples and other descriptions . . . ."  The terms and conditions in no way limit the statute of limitations applicable to such claims under Ohio law.  Moreover, other warranty provisions apply without regard to any extended period.**

**Even if defendants' contention were correct (and it is not), Lincoln would still have warranty claims for the four-years of sales predating the suit.**

---

[1] *Progressive Ins. Co. v. Sacramento County Coach Showcase*, 2008 WL 5377993, *2-*4 & n.1 (D. Nev. 2008) (plaintiff failed to state claim where defect discovered after expiration of express warranty period); *Meserole v. Sony Corp. of Am.*, 2009 WL 1403933, *6 (S.D.N.Y. 2009) (applying same principle and collecting cases providing for same rule).

- 48 -

The cases cited by Pulse and Technitrol relate to repair warranties and are inapplicable to the case at issue.]

INSTRUCTION X

<u>NOTICE AND CURE</u>

TECHNITROL/PULSE SUGGESTED INSTRUCTION:

Pulse also contends that Lincoln should have provided notice to Pulse of the allegedly defective transformers and an opportunity for Pulse to cure the alleged defects.  Under the law, a buyer, within a reasonable time after it discovers or should have discovered a breach, must notify the seller of the breach or else the buyer is barred from any remedy.[1]  The notification must be made within a commercially reasonable time, and must inform the seller that the buyer claims a breach.[2]  A seller properly notified is entitled to a reasonable time to substitute conforming goods.[3]  If you find that Lincoln failed to reasonably notify Pulse of its breach, or failed to allow Pulse a reasonable time to substitute conforming goods, then you must find for Pulse with respect to Lincoln's claim of breach of express warranty.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION.  The facts do not support inclusion of an instruction regarding notice and opportunity to cure.  The undisputed facts show that Lincoln notified Pulse immediately regarding the transformer failures.  Further, Ohio Rev. Code § 1302.52(B) is not applicable.  That provision provides: "Where the buyer rejects a non-conforming tender** *which the seller had reasonable ground*

---

[1]        O.J.I. CV 505-47; Ohio Rev. Code § 1302.65(C)(1); *Johnson v. Monsanto Co.,* No 11-02-02, 2002 WL 2030889, *4 (Ohio App. Ct. Sept. 6, 2002); *see also Jones v. Davenport,* No. 18162, 2001 WL 62513, *4 (Ohio App. Ct. Jan. 26, 2001) (stating R.C. § 1302.65(C)(1) applies to both breach of contract and breach of warranty actions); *Standard Alliance Indus., Inc. v. Black Clawson Co.,* 587 F.2d 813, 823 (6th Cir. 1978) (interpreting notice requirement under UCC § 2-607(3)(a) which contains language identical to R.C. §1302.65(C)(1)).

[2]        *Standard Alliance Indus., Inc. v. Black Clawson Co.,* 587 F.2d 813, 823-25 (6th Cir. 1978).

[3]        Ohio Rev. Code § 1302.52(B); *Malkamaki v. Sea Ray Boats, Inc.,* 411 F.Supp.2d 737, 743 (N.D. Ohio 2005).

- 50 -

*to believe would be acceptable* **with or without money allowance the seller may if he seasonably notifies the buyer, have a further reasonable time to substitute a conforming tender." (Emphasis added.)  Here, it was not reasonable for Pulse to believe its transformers would be acceptable, nor did Pulse notify Lincoln that it wanted to provide substitute conforming transformers.]**

INSTRUCTION X

INTERVENING CAUSE

TECHNITROL/PULSE SUGGESTED INSTRUCTION:

Pulse also alleges that Lincoln's failure to utilize a protective device intended to protect against excessive heat with its welders is a superseding cause of any harm Lincoln may have sustained.  A superseding or intervening cause is an act or event sufficient to override the cause for which a defendant originally was responsible, thereby exonerating it from liability. [1] Therefore, if you find that Lincoln's failure to use a protective device intended to protect against excessive heat was a superseding or intervening cause of the harm, then you must find for Pulse.

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION.  As indicated in Lincoln's Motions in Limine, there is no evidence that anything other than Pulse's actions caused the transformer failures.]**

---

[1]  Drayton v. Jiffee Chemical Co., 591 F.2d 352, 359-60 (6th Cir. 1978) (superseding cause applies in breach of warranty cases); *Dugan & Meyers Const. Co., Inc. v. Worthington Pump Corp. (USA)*, 746 F.2d 1166, 1177 (6th Cir. 1984) (stating that manufacturer could present as an affirmative defense, evidence of product misuse or other intervening cause); Black's Law Dictionary 213 (7th Ed. 1999).

INSTRUCTION X

<u>MISUSE</u>

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

Pulse contends that Lincoln's damages were a result of Lincoln's misuse of the Pulse transformers by Lincoln's failure to employ a protective device intended to protect against excessive heat. A manufacturer or seller is entitled to expect a normal use of its product. If Lincoln's injury occurred because of its use of the transformers in a manner for which the product is not adapted and not reasonably foreseeable by Pulse, then Lincoln cannot recover. You must determine whether Lincoln was using the transformers in a manner for which they were adapted and that was reasonably foreseeable to Pulse.[1]

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION. As evidenced by Lincoln's Motions in Limine, there is no evidence that anything other than Pulse's actions caused the transformer failures.]**

---

[1] 3 Fed. Jury Prac. & Instr. §§ 122.31 (5th ed. 2010); *Noel v. S. S. Kresge Co.*, 669 F.2d 1150, 1156-57 (6th Cir. 1982) (approving similar instruction); *Patterson v. Central Mills, Inc.*, 64 Fed. Appx. 457, 463-64 (6th Cir. 2003) (Ohio law; misuse instruction held proper where plaintiff asserted breach of warranty claim); *Dugan & Meyers Const. Co., Inc. v. Worthington Pump Corp. (USA)*, 746 F.2d 1166, 1177 (6th Cir. 1984) (stating that manufacturer could present misuse as an affirmative defense).

INSTRUCTION X

UNREASONABLE USE

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

Pulse contends that Lincoln's damages were a result of Lincoln's unreasonable use of the Pulse transformers by Lincoln's failure to employ a protective device intended to protect against excessive heat.  A manufacturer or seller is entitled to expect a normal use of its product.  If Lincoln's injury occurred because of its unreasonable use of the transformers, then Lincoln cannot recover.  You must determine whether Lincoln was using the transformers in an objectively unreasonable manner and that this use caused Lincoln's injury.[1]

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION.  As evidenced by Lincoln's Motions in Limine, there is no evidence that anything other than Pulse's actions caused the transformer failures.]**

---

[1]     3 Fed. Jury Prac. & Instr. §§ 122.34 (5th ed. 2010).

INSTRUCTION X

## PROMISSORY ESTOPPEL

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

If you find, as to each representation Lincoln claims formed the basis of a bargain between it and Pulse, that such representations constitute express warranties, then you do not need to consider Lincoln's claim for promissory estoppel.  If, however, you do not find the existence of an express warranty on certain representations, you should consider Lincoln's claim for promissory estoppel against Pulse and Technitrol.  You must find for Lincoln on its promissory estoppel claim if you find by a preponderance of the evidence:

> *First*, that Pulse made a promise to Lincoln ;

> *Second*, that Lincoln reasonably relied upon the promise;

> *Third*, that Pulse should reasonably have expected Lincoln to rely on the promise;

and

> *Fourth*, that Lincoln was damaged.[1]

Unlike an express warranty claim, you do not have to find that the promise Pulse made actually became a basis of the bargain, but simply that Pulse should have expected Lincoln to rely on its promise.[2]

---

[1] *Pappas v. Ippolito*, 895 N.E.2d 610, 612 (Ohio App. 2008); 1 Ohio Jury Instructions, Section 501.31 (2010).

[2] *Bonner Farms, Ltd. v. Power Gas Marketing & Transmissions, Inc.*, No. 5:04 CV 2188, 2007 WL 2463247, at *15 (N.D. Ohio Aug. 28, 2007) (holding that where no contract exists, plaintiff may pursue claim for promissory estoppel); *Schleider v. Alliance Corp. Resources, Inc.*, 10th Dist. Nos. 95APE03-311, 95APE03-312, 1995 WL 723555, at *4 n.1 (Ohio App. Dec. 7, 1995) (holding lack of an agreement or contract allows for claim of promissory estoppel).

- 55 -

INSTRUCTION X

<u>PROMISE</u>

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

"[Pulse] has made a promise if, from the facts and circumstances in evidence, you find that a reasonable person in the position of [Lincoln] would believe that [Pulse] had made a promise about [the transformers]."[1]

---

[1] 1 Ohio Jury Instructions, Section 505.11(3) (2010).

PROMISSORY ESTOPPEL

[IF WARRANTED]

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

If you find that Pulse made an express warranty to Lincoln, then Lincoln cannot as a matter of law have a claim against Pulse for promissory estoppel.  Therefore, if you find for Lincoln on its express warranty claim, then you must find for Pulse on Lincoln's promissory estoppel claim.[1]

If you find that Pulse did not make an express warranty to Lincoln, then you may consider Lincoln's claim of promissory estoppel.  Promissory estoppel is a legal doctrine that permits an otherwise unenforceable promise to be enforced to prevent injustice.  Before you may find for Lincoln with respect to this claim, you must find, by clear and convincing evidence, that:

     (1)     Pulse made a clear promise to Lincoln, unambiguous in its terms;

     (2)     Lincoln relied on the promise made by Pulse;

     (3)     Lincoln's reliance on Pulse's promise was reasonable, justifiable and foreseeable; and

     (4)     Lincoln was damaged as a result of its reliance on Pulse' promise.[2]

If you find that Lincoln has failed to prove any one of these elements by clear and convincing evidence, then you must find for Pulse.

---

[1]     *Beder v. Cleveland Browns, Inc.,* 717 N.E.2d 716 (Ohio App. Ct. 1998); *Continental Cas. Co. v. Honeywell Intern., Inc.,* 2009 WL 313127, at *11 n.9 (N. D. Ohio Feb. 6, 2009); *Kreamer Sports, Inc. v. Rocky Brands, Inc.,* No. 2:06-cv-576, 2008 WL 4210539 (S.D. Ohio Sept. 9, 2008).

[2]     2 O.J.I. § 253.27, *Dietz-Briton v. Smythe Cramer Co.* (8th Dist. 2000), 139 Ohio App.3d 337, 351; *Weiper v. W.A. Hill & Assoc.*, 104 Ohio App.3d 250, 661 N.E.2d 796 (Ohio App. 1st Dist. 1995).

- 57 -

INSTRUCTION X

<u>JUSTIFIABLE RELIANCE</u>

Lincoln must also show that its reliance on Pulse's promise or promises was justifiable.[1] "There is justifiable reliance [on] a representation when a person of ordinary care would rely on it under the same or similar circumstances."[2]  In considering whether Lincoln's reliance was justified, you must consider the circumstances surrounding the representation, including the nature of the transaction, the form and materiality of the representation, and the relationship between the parties.[3]  **[LINCOLN PROPOSED ADDITION]** "Reliance on a false representation by a seller . . . may be justified if the representation does not appear unreasonable on its face and if the purchaser has no apparent reason to doubt its veracity."[4]

**PULSE/TECHNITROL ADDITION [LINCOLN OBJECTS TO INCLUSION OF THIS LANGUAGE]:** You must find justifiable reliance on the part of Lincoln in order to find promissory estoppel.  If you do not find that Lincoln's reliance was justifiable, then you must find for Pulse on Lincoln's promissory estoppel claim.

---

[1] *Pappas v. Ippolito*, 895 N.E.2d 610, 612 (Ohio App. 2008).

[2] 1 Ohio Jury Instructions, Section 449.03(8) (2010).

[3] *Academic Imaging, LLC v. Soterion Corp.*, 352 Fed.Appx. 59, 72 (6th Cir. 2009) (applying Ohio law); *see also Davis v. Motenery*, 880 N.E.2d 488, 497 (Ohio App. 2007) (stating that justifiable reliance inquiry is fact-specific and requires consideration of the parties' relationship).

[4] *Academic Imaging*, 352 Fed.Appx. at 72 (internal quotation marks and citations omitted).

- 58 -

INSTRUCTION X

NEGLIGENT MISREPRESENTATION

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

The final claim you should consider against Pulse and Technitrol is negligent misrepresentation.

You must find for Lincoln on its claim of negligent misrepresentation if you find by a preponderance of the evidence:

     *First*, that Pulse supplied information to Lincoln regarding the transformers that was false;

     *Second*, that Pulse provided such information in the scope of its business or profession or in a transaction in which it had a pecuniary interest;

     *Third*, that Pulse was negligent in obtaining or communicating the information;

     *Fourth*, that Lincoln justifiably relied on the information; and

     *Fifth*, that Lincoln was harmed as a result.[1]

The parties agree that any information Pulse provided to Lincoln was provided in the scope of Pulse's business.

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

Lincoln has asserted a claim against Pulse for negligent misrepresentation.  Before you may find for Lincoln with respect to this claim, you must find, by a preponderance of the evidence, that:

---

[1] *Delman*, 534 N.E.2d at 837-38; *Camp St. Mary's*, 889 N.E.2d at 1077.

(1)     Pulse, in the course of its business, supplied information for the guidance of Lincoln in its business transactions;

(2)     The information was false information;

(3)     The false information caused pecuniary loss to Lincoln by their justifiable reliance upon the information; and

(4)     Pulse failed to exercise reasonable care or competence in obtaining or communicating the information.

One cannot base a negligent misrepresentation claim on another's omissions; there must be an affirmative false statement.[1]

If you find that Lincoln has failed to prove any one of these elements by a preponderance of the evidence, then you must find for Pulse on Lincoln's claim.

---

[1]     *Martin v. Ohio State Univ. Found.* (10th Dist. 2000), 139 Ohio App.3d 89, 103-04 (citing *Delman v. Cleveland Hts.* (1989), 41 Ohio St.3d 1, 4).  *Textron Fin. Corp v. Nationwide Mut. Ins. Co.* (9th Dist. 1996), 115 Ohio App.3d 137; *Zuber v. Ohio Dept. of Ins.*, 516 N.E.2d 244, 246-48 (Ohio App. Ct. 1986)).

INSTRUCTION X

<u>NEGLIGENCE</u>

"Negligence is a failure to use ordinary care."[1]  "Ordinary care is the care that a reasonably careful person would use under the same or similar circumstances."[2]

**PULSE/TECHNITROL ADDITION [LINCOLN OBJECTS TO INCLUSION OF THIS LANGUAGE]:** Pulse may not be found negligent unless a failure to use ordinary care is proved by Lincoln by the greater weight of the evidence.[3]

---

[1] 1 Ohio Jury Instructions, Section 401.01(1) (2010).

[2] *Id.*, Section 401.01(2); *Dickerson Internationale, Inc. v. Klockner*, 743 N.E.2d 984, 988 (Ohio App. 2000).

[3]         1 O.J.I. CV 401.31(2).

INSTRUCTION X

JUSTIFIABLE RELIANCE

Again you must find that Lincoln's reliance was justifiable.  "There is justifiable reliance [on] a representation when a person of ordinary care would rely on it under the same or similar circumstances."[1]  In considering whether Lincoln's reliance was justified, you must consider the circumstances surrounding the representation, including the nature of the transaction, the form and materiality of the representation, and the relationship between the parties.[2]  **[LINCOLN PROPOSED ADDITION]** "Reliance on a false representation by a seller . . . may be justified if the representation does not appear unreasonable on its face and if the purchaser has no apparent reason to doubt its veracity."[3]

**PULSE/TECHNITROL ADDITION [LINCOLN OBJECTS TO INCLUSION OF THIS LANGUAGE]:** You must find justifiable reliance on the part of Lincoln in order to find promissory estoppel.  If you do not find that Lincoln's reliance was justifiable, then you must find for Pulse on Lincoln's negligent misrepresentation claim.

---

[1] 1 Ohio Jury Instructions, Section 449.03(8) (2010).

[2] *Academic Imaging, LLC v. Soterion Corp.*, 352 Fed.Appx. 59, 72 (6th Cir. 2009) (applying Ohio law); *see also Davis v. Motenery*, 880 N.E.2d 488, 497 (Ohio App. 2007) (stating justifiable reliance inquiry is fact-specific and requires consideration of the parties' relationship).

[3] *Academic Imaging*, 352 Fed.Appx. at 72 (internal quotation marks and citations omitted).

INSTRUCTION X

COMPARATIVE NEGLIGENCE

TECHNITROL/PULSE SUGGESTED INSTRUCTION:

In order to make out a claim for negligent misrepresentation, you must find that the occurrence was caused by negligence on the part of Pulse, and not by negligence on the part of Lincoln.

However, if you find that Lincoln failed to prove that Pulse was negligent, or if you find that Lincoln failed to prove that Pulse's negligence caused damage to Lincoln, or if you are unable to determine how Lincoln was harmed, then your verdict must be for Pulse.

If you should find that the occurrence was caused by negligence of both Lincoln and Pulse, then you must compare the percentages of their negligence.

If the negligence of Lincoln is of less degree than the negligence of Pulse, then Lincoln is entitled to recover any damages which you may find Lincoln has sustained as a result of the occurrence after you have reduced them in proportion to the degree of Lincoln's own negligence. If on the other hand, Pulse was not negligent or if the negligence of Lincoln is equal to or greater in degree than the negligence of Pulse, then Lincoln is not entitled to recover any damages.[1]

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION.  As evidenced by Lincoln's Motions in Limine, there is no evidence that Lincoln was negligent.]**

---

[1]      3 Fed. Jury Prac. & Instr. § 120.83 (5th ed.); 1 O.J.I. CV 406.01; *Ballinger v. Leaniz Roofing, Ltd.*, 2008 WL 802722 (Ohio App. 10th Dist. 2008) ("Ohio is a 'partial comparative negligence' jurisdiction, meaning that a defendant will not be liable to a plaintiff whose fault was 50 percent or more."; citing Ohio Rev. Code § 2307.22).

- 63 -

INSTRUCTION X

<u>DIRECT LIABILITY OF TECHNITROL</u>

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

Lincoln claims that Technitrol is also liable for breach of express warranty or promissory estoppel and negligent misrepresentation.  Specifically, Lincoln claims that Technitrol was directly involved in Pulse's misrepresentations to Lincoln because it approved Pulse's submission of the Transformer Information Gathering Sheets to Underwriters Laboratories, and Lincoln would not have purchased the transformers without Underwriters Laboratories' approval.

If you find that Technitrol was directly involved in the representations made to Lincoln, you must find it liable.[1]

---

[1] *In re National Century Financial*, 580 F.Supp.2d 630 (S.D Ohio 2009) (holding that third party's assignment of favorable credit rating, which gave note credibility, was sufficient basis to hold third party liable); *Cephalon, Inc. v. Watson Pharm., Inc.*, 629 F.Supp.2d 338, 349 (D.Del. 2009) (holding that where parent company involved itself in subsidiary's preparation of a new drug, parent was jointly liable with subsidiary for resulting patent infringement).  *See also Carter-Jones Lumber Co. v. Dixie Distributing Co.*, 166 F.3d 840, 846 (6th Cir. 1999) (holding that a parent company is liable for its subsidiary's actions when it is directly involved); *In re Kadke*, 382 B.R. 411, 427-28 (S.D. Ohio 2008) (same).

- 64 -

INSTRUCTION X

<u>SECONDARY LIABILITY OF TECHNITROL</u>

LINCOLN SUGGESTED INSTRUCTION (Pulse objects to this suggestion and proposes an alternative instruction that follows):

Lincoln also claims that Technitrol held out Pulse as its agent.  Therefore, even if you do not find that Technitrol was directly liable to Lincoln, it may still be liable if you find Technitrol held out Pulse as its agent.  "A person is the agent of another who is called the principal when the principal has given the agent authority to carry on a business or activity on behalf of the principal, and the principal has retained the right to control the manner or means of carrying on the business or activity."[1]  A principal may be bound by the acts of a third party even if the third party is not authorized to act as an agent by the principal if the principal holds out the third party as an agent.[2]

You must find that Technitrol is liable for Pulse's actions if you find by a preponderance of the evidence:

> *First*, that Technitrol held out Pulse as a division of itself and should have expected Lincoln to rely on that belief; or

> *Alternatively*, that Pulse claimed to conduct business on behalf of Technitrol with Technitrol's approval; and

> *Second*, that Lincoln reasonably relied on the belief that Pulse was a division or agent of Technitrol.[3]

---

[1] 1 Ohio Jury Instructions, Secrion 423.01(2) (2010).

[2] *Id.*, Section 423.01(9).

[3] *Id.*; *Brainard v. American Skandia Life Assur. Corp.*, No. 1:03 CV 1698, 2004 WL 5550483, at *13 (N.D. Ohio Nov. 5, 2003); *Lyman Steel Corp. v. Ferrostaal Metals Corp.*, 747 F.Supp 389 (N.D. Ohio 1990).

INSTRUCTION X

LIABILITY OF TECHNITROL

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

Lincoln has asserted that Technitrol is either directly liable, or is liable because Pulse acted as its agent.

Under the law, Technitrol and Pulse are separate and distinct legal entities, and you must treat them that way.  A parent company is not liable for the actions of its subsidiary, even one that is wholly-owned by the parent.[1]  Thus, evidence of Pulse's liability cannot be used to determine Technitrol is liable.  Rather, you must treat the entities as distinct and assess the evidence against them separately.

Alternatively, Lincoln seeks to hold Technitrol liable because Pulse acted as its agent. Under the law, in order to find Technitrol liable for holding Pulse out as its agent, you must find, by a preponderance of the evidence, that:

(1)     Technitrol held Pulse out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted Pulse to act as having such authority; and

(2)     That Lincoln knew of that fact and, acting in good faith, had reason to believe and did believe that Pulse possessed the necessary authority.[2]

---

[1]     *Greer v. Natl. City Corp.,* No. 08 CEA 12 0076, 2009 WL 3119968, *5 (Ohio App. Ct. 2009); *see also* 11 Ohio Jur. Business Relationships § 12.

[2]     *Aaron Maximum Security Corp v. Amato,* No. 57695, 1990 WL 165951, *3 (Ohio App. 8 Dist. Nov. 1, 1990) (emphasis added); *Brainard v. American Skandia,* No. 1:03 CV 1698, 2004 WL 5550483, *13 (N.D. Ohio Nov. 5, 2004); *Hooper-Mankin Co. v. Matthew Addy Co.,* 4 F.2d 187 (6th Cir. 1925).

- 66 -

If you find that Lincoln has failed to prove any one of these elements by a preponderance of the evidence, then you must find for Pulse on Lincoln's claim of Technitrol's agency responsibility.

INSTRUCTION X

## BREACH OF CONTRACT AGAINST AVNET

As to Avnet, Lincoln has asserted a claim for breach of contract.  You must find for Lincoln if you find by the preponderance of the evidence:

> *First*, that Lincoln and Avnet entered into a contract;

> *Second*, that Lincoln performed its obligations under the contract; and

> *Third*, that Avnet breached the contract by selling Lincoln transformers that did not conform to Pulse's specifications.[1]

---

[1] 1 Ohio Jury Instructions, Section 501.01(1) (2010); *Langfan v. Carlton Gardens Co.*, 916 N.E.2d 1079, 1087 (Ohio App. 2009); *Winner Bros., L.L.C. v. Seitz Elec., Inc.*, 912 N.E.2d 1180, 1187 (Ohio App. 2009).

CLI-1831318v1

INSTRUCTION X

<u>EXISTENCE OF A CONTRACT</u>

"A 'contract' is an agreement or obligation, whether verbal or written, in which one party becomes bound to another . . . to perform . . . a certain act or acts."[1]  **[LINCOLN/AVNET PROPOSED ADDITION]:**  The parties agree that the Supply Agreement between Avnet and Lincoln dated as of August 2, 2004 constitutes a valid contract between Avnet and Lincoln. Therefore, you are to assume during your deliberations that Lincoln has proved the existence of a contract.

---

[1] 1 Ohio Jury Instructions, Section 501.03(1) (2010).

CLI-1831318v1

INSTRUCTION X

<u>BREACH</u>

"A contract is breached when one party fails or refuses to perform its duties under the contract."[1]

---

[1] 1 Ohio Jury Instructions, Section 501.01(3) (2010); *State ex. rel. Cordray v. Estate of Roberts*, 6th Dist. No. E-09-045, 2010-Ohio-2003, at ¶ 23; *Oliver v. Nat'l Collegiate Athletic Assoc.*, 920 N.E.2d 196, 200 (Ohio Comm. Pleas 2008).

INSTRUCTION X

<u>DAMAGES GENERALLY</u>

LINCOLN PROPOSED INSTRUCTION

If you find for Lincoln, you will decide by the greater weight of the evidence an amount of money that will reasonably compensate Lincoln for the actual damages proximately caused by each defendant's conduct. "The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of [Lincoln's] rights. . . . These are known as 'compensatory damages.' Compensatory damages seek to make the plaintiff whole – that is, to compensate [it] for the damage suffered."[1] In deciding this amount, you will consider the nature and extent of the damages.[2]

"I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct."[3] Proximate cause exists where an act or failure to act, in a natural and continuous sequence, directly produces the damage and without which it would not have occurred.[4]

You may only award damages the existence and amount of which are reasonably certain and have been proved to you by the greater weight of the evidence. You may not award damages that are remote or speculative.[5] "On the other hand, the law does not require a plaintiff

---

[1] 4-77, <u>Modern Federal Jury Instructions</u>, ¶ 77.01, Instruction 77-3 (Matthew Bender 2010).

[2] 1 Ohio Jury Instructions Section 23.01.

[3] <u>Modern Federal Jury Instructions</u>, ¶ 77.01, Instruction 77-3.

[4] 1 Ohio Jury Instructions Section 405.01(2).

[5] 1 Ohio Jury Instructions Section 501.33(3).

to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit."[1]

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

If you find for Lincoln, you will decide by the greater weight of the evidence an amount of money that will reasonably compensate Lincoln for the actual damages proximately caused by defendants' conduct.  In deciding this amount, you will consider the nature and extent of the damages.[2]  Proximate cause exists where an act or failure to act, in a natural and continuous sequence, directly produces the damage and without which it would not have occurred.[3]

You may only award damages the existence and amount of which are reasonably certain and have been proved to you by the greater weight of the evidence.  You may not award damages that are remote or speculative.[4]  This means you are not to include in any verdict compensation for prospective loss that, although possible, is wholly remote or left to conjecture and/or guess.  Damages are remote or speculative, for example, where they include compensation for a prospective loss that, although possible, is not reasonably certain to occur in the future.[5]

---

[1] <u>Modern Federal Jury Instructions</u>, ¶ 77.01, Instruction 77-3.

[2]   1 O.J.I. § 23.01.

[3]   1 O.J.I. CV 405.01(2).

[4]   O.J.I. 501.33(3).

[5]   3 Fed. Jury Prac. & Instr. §§ 125.50 & 128.60 (5th ed. 2010).

In addition, Lincoln is entitled to recover those damages that were caused by the alleged wrongdoing of the defendants.  Lincoln is not entitled to be placed in a better position than it would have been in had the defendants' alleged wrongdoing not happened.[1]

---

[1]     *St. Henry Tile Co. v. Cain,* No. 1371, 1995 WL 783603, *2 (Ohio Ct. App. Dec. 20, 1995); World Metals, Inc. v. AGA Gas, Inc., 755 N.E.2d 434, 437 (Ohio Ct. App. 2001).

INSTRUCTION X

<u>DAMAGES – MULTIPLE DEFENDANTS</u>

LINCOLN PROPOSED INSTRUCTION

A plaintiff may bring an action and obtain a judgment against more than one wrongdoer for his damage.  "[Y]ou should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries."[1]

Likewise, a plaintiff may bring more than one cause of action against a defendant for the same damages.  Regardless of the number of causes of action, however, the plaintiff may only receive full compensation once for the same injury.  Further, "[i]f you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant." [2]

Thus, if you find for Lincoln against more than one defendant or if you find for Lincoln on more than one of its claims, you must only compensate it once for its injuries.[3]

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

A plaintiff may bring an action and obtain a judgment against more than one wrongdoer for his damage.  Irrespective of the number of defendants, however, the plaintiff may only receive full compensation once for the same injury.

---

[1] 4-77, <u>Modern Federal Jury Instructions</u>, ¶ 77.01, Instruction 77-2 (Matthew Bender 2010).

[2] *Id.*

[3] 1 Ohio Jury Instructions Section 23.57; 30 Ohio Jur. 3d *Damages* § 10.

- 74 -

Likewise, a plaintiff may bring more than one cause of action against a defendant for the same damages.  Regardless of the number of causes of action, however, the plaintiff may only receive full compensation once for the same injury.

Thus, if you find for Lincoln against more than one defendant or if you find for Lincoln on more than one of its claims, you must only compensate it once for his injuries, if any.[1]

---

[1] 1 O.J.I. § 23.57; 30 Ohio Jur. 3d *Damages* § 10.

INSTRUCTION X

<u>JOINT AND SEVERAL LIABILITY</u>

LINCOLN PROPOSED INSTRUCTION (Pulse, Technitrol, and Avnet object to this instruction):

In this case, Lincoln claims that the actions of all three defendants resulted in the same injuries to Lincoln.  In order for Lincoln to recover damages from a defendant, the damages must have been actually caused by the defendant.[1]  "If you decide that two or more of the defendants are jointly liable [for Lincoln's injuries], then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages."[2]  To recover from all three defendants, Lincoln must prove that the action of each defendant was a substantial factor in producing Lincoln's damages.[3]

---

[1] *Davidson Fuel & Dock Co. v. Picklands Mather & Co.*, 376 N.E.2d 965 (Ohio App. 1977).

[2] 4-77, <u>Modern Federal Jury Instructions</u>, ¶ 77.01, Instruction 77-2 (Matthew Bender 2010).

[3] *Queen Terminals, Inc. v. Gen. Am. Transp. Corp.*, 653 N.E.2d 661, 669 (Ohio 1995) (applying substantial factor analysis to case where plaintiff's single injury was caused by negligence of one defendant and another defendant's breach of contract).

INSTRUCTION X

## NOMINAL DAMAGES

TECHNITROL/PULSE SUGGESTED INSTRUCTION:

If you find for Lincoln and that Lincoln was harmed, but that Lincoln failed to prove by the greater weight of the evidence any amount of damages, or you find that Lincoln did not sustain any damages, you may award Lincoln nominal damages.  Nominal means trifling or small.  Nominal damages are generally $10 or less.[1]

**[LINCOLN OBJECTS TO INCLUSION OF THIS INSTRUCTION.  A defendant may not propose an instruction regarding nominal damages.]**

---

[1] 1 Ohio Jury Instructions Section 315.53; 3 Fed. Jury Prac. & Instr. § 128.82 (5th ed.).

INSTRUCTION X

## DAMAGES – EXPRESS WARRANTY AND BREACH OF CONTRACT

LINCOLN PROPOSED INSTRUCTION

If you find in favor of Lincoln on its claims for breach of express warranty or promissory estoppel against Pulse and Technitrol or its breach of contract claim against Avnet, Lincoln is entitled to recover damages arising as a consequence of the defendants' actions.[1]  Consequential damages include lost profits if those lost were within the contemplation of the parties at the time Pulse made its representations and Avnet entered the contract with Lincoln, are the probable result of the breach, and can be shown with reasonable certainty.[2]

Lincoln is also entitled to recover incidental damages.  These include any expenses reasonably incurred in inspection, receipt, transportation, and care and custody of the goods, and any commercially reasonable charges, expenses or commissions in connection with purchasing substitute goods.[3]

---

[1] *Kosier v. DeRosa*, 862 N.E.2d 159, 165 (Ohio App. 2006) (holding that non-breaching party is entitled to receive consequential damages for breach of contract); Ohio Rev. Code §§ 1302.88-89 (stating buyer is entitled to receive incidental and consequential damages for breach of warranty); *Stuphen Towers, Inc. v. PPG Indus., Inc.*, 10th Dist. No. 05AP-109, 2005-Ohio-6207, at ¶¶ 48-60 (same); *Telxon Corp. v. Smart Media of Del., Inc.*, 9th Dist. Nos. 22098, 22099, 2005-Ohio-4931, at ¶ 102 (holding that party recovering for promissory estoppel is entitled to recover consequential damages, including lost profits).

[2] Bobb Forest Prods. Inc. v. Morbark Indus., Inc., 783 N.E.2d 560, 579 (Ohio Ct. App. 2002); AGF, Inc. v. Greate Lakes Heating Co., 555 N.E.2d 634 (Ohio 1990); O.J.I. CV 501.33(4) & (5).

[3] 1  Ohio Jury Instructions Section 505.51(1). R.C. §§ 1302.88(C); R.C. § 1302.89.

INSTRUCTION X

## DAMAGES – NEGLIGENT MISREPRESENTATION

LINCOLN PROPOSED INSTRUCTION

If you find that Pulse is liable to Lincoln for negligent misrepresentation, Lincoln is entitled to an award of those actual damages necessary to compensate it for the pecuniary loss caused by Pulse's misrepresentations.[1]  However, you may not award Lincoln any consequential damages, such as lost profits, as a result of any negligent misrepresentation by Pulse.[2]

---

[1] *Giffin v. Crestview Cadillac*, 2009 WL 4809862, *13 (Ohio App. 10th Dist. 2009).

[2] *ATM Exchange, Inc. . VISA Int'l Serv. Ass'n*, No, 1:05-CV-00732, 2008 WL 4683224, at *8 (S.D. Ohio Oct 21, 2008) (lost profits cannot be recovered on negligent misrepresentation claim); *Abele v. Bayliner Marine Corp.*, 11 F. Supp.2d 955 (N.D. Ohio 1997) (citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624 (Ohio 1989)) (disallowing negligence-based claims for defective boat where only pecuniary losses were incurred and no personal injury damages or other property damages were alleged); *Telxon Corp. v. Smart Media of Delaware, Inc.*, 2005 WL 2292800, *36 (Ohio App. 9th Dist. 2005).

<u>DAMAGES – EXPRESS WARRANTY</u>

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

If you find that Pulse breached an express warranty and that Lincoln accepted the goods, Lincoln is entitled to the difference between the value of the goods as the time and place Lincoln accepted them and the value they would have had if they had been as Pulse warranted.  To measure these damages you first must determine the value of the goods as warranted.  Then subtract the value of the goods as accepted.  The difference is Lincoln's damages.[1]

If you find that Pulse breached an express warranty, Lincoln is also entitled to recover incidental damages.  These include any expenses reasonably incurred in inspection, receipt, transportation, and care and custody of goods rightfully rejected, and any commercially reasonable charges, expenses or commissions in connection with purchasing substitute goods.[2]

If you find that Pulse breached an express warranty, Lincoln is also entitled to recover consequential damages – losses resulting from Lincoln's general or specific requirements of which Pulse had reason to know at the time the warranty was made.  However, these damages are not to be awarded to the extent that Lincoln could have reasonably prevented them by purchasing substitute goods or otherwise.  Moreover, consequential damages must have been foreseeable at the time Pulse made its warranty.[3]

While consequential damages may include lost profits, they made be only recovered if you find they were within the contemplation of the parties at the time Pulse made its warranty, they are the probable result of the breach, they are not remote or speculative, and they can be

---

[1]      O.J.I. CV 505.45; Ohio Rev. Code § 1302.88.

[2]      O.J.I. CV 505.51(1). R.C. §§ 1302.88(C); R.C. § 1302.89.

[3]      O.J.I. CV 505.51(2). R.C. § 1302.89; *Bobb Forest Prods. Inc. v. Morbark Indus., Inc.,* 783 N.E.2d 560, 578-79 (Ohio Ct. App. 2002).

shown with reasonable certainty.[1]  Lost profits are calculated by deciding what Lincoln was

entitled to receive had the warranty been performed.[2]

---

[1]      *Bobb Forest Prods. Inc. v. Morbark Indus., Inc.,* 783 N.E.2d 560, 579 (Ohio Ct. App. 2002); *AGF, Inc. v. Greate Lakes Heating Co.,* 555 N.E.2d 634 (Ohio 1990); O.J.I. CV 501.33(4) & (5).

[2]      O.J.I. CV 501.33(2).

INSTRUCTION X

<u>DAMAGES – PROMISSORY ESTOPPEL</u>

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

If you find that Pulse is liable to Lincoln for promissory estoppel, Lincoln is entitled to an award of damages representing the harm that resulted from Lincoln's reasonable and detrimental reliance on a false promise by Pulse, if any.[1]  If you find for Lincoln on its claim for promissory estoppel, you should award Lincoln the amount of damages it incurred by acting in reliance on Pulse's promises.[2]

---

[1]        *Olympic Holding Co., L.L.C. v. ACE Ltd.,* 909 N.E.2d 93, 96-97 (Ohio 2009).

[2] *Telxon Corp. v. Smart Media of Delaware, Inc.*, 9th Dist. Nos. 22098, 22099, 2005-Ohio-4931, at ¶ 102.

INSTRUCTION X

## DAMAGES – NEGLIGENT MISREPRESENTATION

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

If you find that Pulse is liable to Lincoln for negligent misrepresentation, Lincoln is entitled to an award of those actual damages necessary to compensate Lincoln for the pecuniary loss caused by Pulse's misrepresentation, if any.[1]  However, you may not award Lincoln any consequential damages, such as lost profits, as a result of any negligent misrepresentation by Pulse.[2]

---

[1]    *Giffin v. Crestview Cadillac*, 2009 WL 4809862, *13 (Ohio App. 10th Dist. 2009).

[2]    *ATM Exchange, Inc. . VISA Int'l Serv. Ass'n*, No, 1:05-CV-00732, 2008 WL 4683224, at *8 (S.D. Ohio Oct 21, 2008) (lost profits cannot be recovered on negligent misrepresentation claim); *Abele v. Bayliner Marine Corp.*, 11 F. Supp.2d 955 (N.D. Ohio 1997) (citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624 (Ohio 1989)) (disallowing negligence-based claims for defective boat where only pecuniary losses were incurred and no personal injury damages or other property damages were alleged); *Telxon Corp. v. Smart Media of Delaware, Inc.*, 2005 WL 2292800, *36 (Ohio App. 9th Dist. 2005).

- 83 -

<u>MITIGATION OF DAMAGES</u>

LINCOLN/AVNET PROPOSED INSTRUCTION

Lincoln has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, the damages it requests from defendants.  "The law imposes on an injured [party] the duty to take advantage of reasonable opportunities [it] may have to prevent the aggravation of [its] injuries, so as to reduce or minimize the loss or damage."[1]

If you find any defendant liable and that Lincoln has suffered damages, Lincoln "may not recover for any item of damage [it] could have avoided through such reasonable effort. If [Lincoln] unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which [Lincoln] would have avoided had [it] taken advantage of the opportunity."[2]

"Bear in mind that the question whether the plaintiff acted 'reasonably' with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable."[3]

---

[1] 4-77, <u>Modern Federal Jury Instructions</u>, ¶ 77.01, Instruction 77-7 (Matthew Bender 2010).

[2] *Id.*

[3] *Id.*

PULSE/TECHNITROL SUGGESTED INSTRUCTION:

Pulse claims that Lincoln failed to mitigate its damages.  Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.

If you should find that Pulse has proved that Lincoln failed to seek out or take advantage of an opportunity that was reasonably available to Lincoln under all the circumstances shown by the evidence, then you should reduce the amount of Lincoln's damages by the amount Lincoln could have reasonably realized if Lincoln had taken advantage of such opportunity.[1]

---

[1]     3 Fed. Jury Prac. & Instr. § 129.50 (5th ed. 2010).

INSTRUCTION X

<u>INDEMNITY</u>

AVNET PROPOSED INSTRUCTION

Under Ohio law, where one joint tortfeasor is actively negligent while another is only passive, the passive tortfeasor has a right of indemnity against the active tortfeasor.[1]  Therefore, if you determine that Avnet's role in causing the damages of Lincoln was passive and secondary to the wrongdoing of Pulse and/or Technitrol, then Avnet is entitled to indemnification from the active tortfeasor(s) for any damages assessed against Avnet.

---

[1] *The Glove Indemnity Co. v. Schmitt*, 53 N.E.2d 790 (Ohio 1944).

INSTRUCTION X

<u>INDEMNITY AGREEMENT</u>

AVNET PROPOSED INSTRUCTION

Avnet also claims indemnification from Pulse based upon a Distributor Agreement between Avnet and Pulse which states that Pulse will indemnify Avnet from any and all "claims, damages and liabilities" resulting from Pulse's breach of the Agreement including any of the warranties contained therein.[1]  Therefore, even if you find that Avnet's role was not passive or secondary—and that Avnet is not therefore entitled to indemnification by operation of law— Avnet may still be entitled to contractual indemnification if you find that Pulse breached the Distributor Agreement.

The Agreement is a contract between Pulse and Avnet.  "A 'contract' is an agreement or obligation, whether verbal or written, in which one party becomes obligated to another to pay a sum of money or to perform or omit to do a certain act or acts. It is not necessary that the parties use any particular words, perform any particular acts, or use any particular form of agreement in order to create a contract."[2]

---

[1] Distributor Agreement (Feb. 8, 1999), ¶ 8 ("General Indemnification").

[2] 1 Ohio Jury Instructions, Section 501.03(1) (2010).

INSTRUCTION X

## RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATE WITH THE COURT

I have completed my instructions on the law relating to this case.

"You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, [you] may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached."[1]

---

[1] 4-78, Modern Federal Jury Instructions, ¶ 78.01, Instruction 78-1 (Matthew Bender 2010).

INSTRUCTION X

<u>DUTY TO DELIBERATE/UNANIMOUS VERDICT</u>

"You will now return to decide the case.  In order to prevail, [Lincoln] must sustain [its] burden of proof as I have explained to you with respect to each element of the complaint.  If you find that [Lincoln] has succeeded, you should return a verdict in [its] favor on that claim.  If you find that [Lincoln] failed to sustain the burden on any element of the claim [or that the defendant or defendants succeeded in sustaining their burden on an affirmative defense], you should return a verdict against [Lincoln].

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make you own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict."[1]

---

[1]  4-78, <u>Modern Federal Jury Instructions</u>, ¶ 78.01, Instruction 78-3 (Matthew Bender 2010).

INSTRUCTION X

### SELECTION OF FOREPERSON

"When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court."[1]

---

[1] 4-78, <u>Modern Federal Jury Instructions</u>, ¶ 78.01, Instruction 78-5 (Matthew Bender 2010).

INSTRUCTION X

<u>RETURN OF VERDICT</u>

"After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked."[1]

---

[1] 4-78, <u>Modern Federal Jury Instructions</u>, ¶ 78.01, Instruction 78-6 (Matthew Bender 2010).

INSTRUCTION X

### GENERAL VERDICT FORM

"I have prepared a general verdict form for you to use in recording your decision.  On the form, there are spaces to indicate your verdict on each of [Lincoln's] claims against the defendant[s].  Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror.  You should return a verdict on each claim."[1]

---

[1] 4-78, Modern Federal Jury Instructions, ¶ 78.01, Instruction 78-7 (Matthew Bender 2010).

Dated:  September 7, 2010


_____          __/s/ Richard J. Bedell, Jr._____
Patrick R. Kingsley                          Richard J. Bedell, Jr. (0038891)
Christine M. Debevec                         Robert S. Faxon (0059678)
Stradley Ronon Stevens & Young, LLP          Katie M. McVoy (0080860)
2600 One Commerce Square                     JONES DAY
Philadelphia, PA 19103-7098                  North Point
Telephone: (215) 564-8000                    901 Lakeside Avenue
Facsimile:  (215) 564-8120                   Cleveland, OH 44114-1190
pkingsley@stradley.com                       Telephone: (216) 586-3939
cdebevec@stradley.com                        Facsimile:  (216) 579-0212
                                             rjbedell@jonesday.com
Counsel for Pulse Engineering, Inc.          rfaxon@jonesday.com
And Technitrol, Inc.                         kmmcvoy@jonesday.com

                                             Counsel for The Lincoln Electric Company

_____
John P. O'Neil
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH  44115-1074
Telephone: (216) 687-1311
Facsimile:  (216) 687-1841
joneil@reminger.com

Counsel for Avnet, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing was electronically filed with the Court on this 7th day of

September, 2010.  Notice of this filing will be sent to all parties listed on the Court's electronic

filing system.  Parties may access this filing through the Court's system.


__/s/ Katie M. McVoy_____
Counsel for Plaintiff The Lincoln Electric Company

CLI-1831318v1